*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* P. M. MULLINS, Minor.

UNPUBLISHED
October 15, 2024
1:38 PM

No.  368998
Wayne Circuit Court
Family Division
LC No.  2022-000443-NA

Before:  BOONSTRA, P.J., and JANSEN and N. P. HOOD, JJ.

N. P. HOOD, J. (*concurring*).

I respectfully concur in the result.  I write separately because respondent's argument may require us to employ two different standards of review.  Respondent appeals the trial court's order terminating her parental rights under MCL 712A.19b(3)(c)(*i*) (conditions leading to adjudication continue to exist) and (j) (reasonable likelihood that child will be harmed if returned to parent).  In her brief, she frames this appeal as involving a single issue: "Did the trial court clearly err by failing to fully consider and rule out alternate remedies that could have given [the child] safety and stability prior to terminating [respondent's] parental rights."  Beginning with that statement of the issue and continuing throughout her brief, respondent deftly toggles between two related but distinct arguments: (1) whether the trial court failed to adequately consider the child's placement with relatives, and (2) whether the trial court erred by terminating respondent's parental rights without ruling out alternatives, specifically a juvenile guardianship.  These are two different issues. See *In re Siew*, unpublished per curiam opinion of the Court of Appeals, issued April 20, 2023 (Docket No. 362074), pp 3-4 (addressing the conflation of relative placement and juvenile guardianship).[1]  And they required different standards of review.  *In re Olive/Metts*, 297 Mich App 35, 40, 44; 823 NW2d 144 (2012) ("[T]he fact that a child is living with relatives when the case proceeds to termination is a factor to be considered in determining whether termination is in the child's best interests[,]" and we review best interests-determinations for clear error).  See also *In*

---

[1] Though unpublished cases are nonbinding on this Court, they may be persuasive or instructive. See *People v Parkinson*, ___ Mich App ___, ___ n 3; ___ NW3d ___ (2023) (Docket No. 362683); slip op at 5 n 3.

*re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014) (reviewing for plain error the respondent's unpreserved constitutional argument that the guardianship violated her due-process rights). Neither issue warrants reversal, so I agree with the outcome stated in the majority opinion.

The majority correctly analyzes the second aspect of respondent's argument—whether the trial court erred by failing to consider juvenile guardianship as an alternative to termination. As the majority correctly observes, respondent did not argue before the trial court that failing to consider juvenile guardianship or other alternatives to termination (separate from best interests analysis) violated her due-process rights. So, the issue is unpreserved and subject to plain-error analysis. See *In re TK*, 306 Mich App at 703. See also *In re Johnson*, unpublished per curiam opinion of the Court of Appeals, issued August 22, 2024 (Docket No. 369040), p 3 (reviewing for plain error the respondent's unpreserved argument that "the trial court's failure to choose an alternative remedy other than termination of his parental rights amounted to a constitutional violation.").[2] I agree with the majority's analysis of this aspect of respondent's argument and its conclusion that respondent has failed to establish plain error affecting her substantial rights.

The majority, however, does not address the other aspect of respondent's argument—whether the trial court erred by failing to adequately consider the child's placement with a relative. But like the issue of guardianship, this claim of error does not warrant relief.

Unlike the question of the trial court's consideration of guardianship, this issue is preserved because it is part of the best-interests analysis. A child's best interests are at issue in every termination-of-parental-rights proceeding. See *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021) ("Before it could terminate mother's parental rights, the trial court was required to find by a preponderance of the evidence that termination was in the child's best interests."). And a child's placement with a relative during termination proceedings is a mandatory consideration within the best-interests analysis. See *In re Olive/Metts*, 297 Mich App at 43. Respondent was not required to object to the trial court's best interest findings or decision. See MCR 2.517(A)(7). This issue, therefore, is preserved for our review. See *id*.

"We review for clear error the trial court's determination of best interests." *In re Sanborn*, 337 Mich App at 276. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. (quotation marks and citation omitted). "Appellate courts are obliged to defer to a trial court's factual findings at termination proceedings if those findings do not constitute clear error." *Id*. (quotation marks and citation omitted).

The trial court was required to consider the relative placement before terminating respondent's parental rights. See *In re Olive/Metts*, 297 Mich App at 43. See also *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010). "[B]ecause 'a child's placement with relatives weighs against termination under MCL 712A.19a(6)(a),' the fact that a child is living with relatives when the case proceeds to termination is a factor to be considered in determining whether termination is

---

[2] Though unpublished cases are nonbinding on this Court, they may be persuasive or instructive. See *Parkinson*, ___ Mich App at ___ n 3; slip op at 5 n 3.

in the child's best interests." *In re Olive/Metts*, 297 Mich App at 43. "Although the trial court may terminate parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests, the fact that the children are in the care of a relative at the time of the termination hearing is an explicit factor to consider in determining whether termination was in the children's best interests[.]" *Id.* (quotation marks and citation omitted). "A trial court's failure to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *Id.*

"A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id.* at 41 (quotation marks and citation omitted). "Appellate courts are obliged to defer to a trial court's factual findings at termination proceedings if those findings do not constitute clear error." *In re Rood*, 483 Mich 73, 90; 763 NW2d 587 (2009).

Here, the trial court did not clearly err. It considered the fact of the relative placement as part of its best-interests analysis, and we defer to its fact-findings.

As the majority correctly observes, petitioner, Department of Health and Human Services (DHHS), petitioned to terminate respondent's parental rights because respondent's drug addiction created an unsafe environment for PMM. DHHS began termination proceedings soon after PMM's birth. The trial court placed PMM with respondent's brother and sister-in-law, who have provided safety and care for PMM since shortly after PMM's birth. At the conclusion of the termination hearing, the trial court accounted for the fact that PMM was placed with respondent's brother and made explicit findings regarding the viability of a guardianship. It found that guardianship was not a viable option because respondent's brother was not interested in a guardianship. Specifically, it found that guardianship would not be in the best interests of PMM due to the unique circumstances of this case, PMM's specific age, respondent's recovery efforts, and the brother's willingness to continue as a guardian.

Because the trial court considered the relative placement, and because its fact-findings were not clearly erroneous, its decision that termination was in PMM's best interests *despite the relative placement* was not clearly erroneous. I otherwise agree with the majority's analysis and conclusions regarding the other aspect of respondent's argument, which is unpreserved. In short, I agree that we should affirm the trial court's decision.

/s/ Noah P. Hood